**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**


| | |
|---|---|
| AVNET, INC. ) | |
| ) | |
| ) | |
| **Appellant,** ) | |
| ) | |
| vs. ) | Case No. 05 C 6866 |
| ) | |
| **ANDREW J. MAXWELL, as Trustee for the** ) | |
| **Chapter 7 estates of marchFIRST, INC. et al.** ) | |
| ) | |
| ) | |
| **Appellee.** ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

MATTHEW F. KENNELLY, District Judge:

Avnet is an unsecured creditor of marchFIRST, Inc., which has filed for bankruptcy

protection. Avnet submitted a proof of claim in the marchFIRST bankruptcy, but the bankruptcy

court, concluding that the claim was untimely, subordinated it under 11 U.S.C. § 726(a)(3).[1]

Avnet has appealed from the bankruptcy court's decision. For the reasons stated below, the

Court affirms the decision of the bankruptcy court.


**Facts**

On April 21, 2001, marchFIRST filed a Chapter 11 bankruptcy petition in the United

States Bankruptcy Court for the District of Delaware. On April 26, the bankruptcy court

converted marchFIRST's voluntary Chapter 11 petition to an involuntary Chapter 7 petition. On

---

[1] To make this opinion more readable, the Court uses the term "claim" instead of the accurate
but lengthy phrase "proof of claim."

1

June 14, the bankruptcy court approved a composite notice for matchFIRST's creditors entitled

"Notice of Chapter 7 Bankruptcy Case, Notice of Meeting of Creditors, and Deadlines." The

notice stated:

DEADLINE TO FILE A PROOF OF CLAIM

Proof of Claim must be received by the bankruptcy clerk's office by the following
deadline:
        For all creditors (except a governmental unit): October 11, 2001
        For a governmental unit: October 11, 2001

        The addresses for filing proofs of claim are as follows:

| If proof of claim is sent by mail, send to: | If proof of claim is sent by overnight courier, or by hand, send to: |
| --- | --- |
| Donlin, Recano & Company, Inc. as agent for the United States Bankruptcy Court re: marchFIRST, Inc., et al. P.O. Box 2010, Murray Hill Station New York, NY 10156 (212) 481-1411 | Donlin, Recano & Company, Inc. as agent for the United States Bankruptcy Court re: marchFIRST, Inc., et al. 419 Park Avenue South, Suite 1206 New York, NY 10016 (212) 481-1411 |

R. 3, Ex. A. During the time period when claims were to be submitted to the claims agent, the

the case was transferred to the United States Bankruptcy Court for the Northern District of

Illinois. The venue change, however, did not affect how or when creditors were to submit their

claims.

        On June 22, Donlin, Recano & Company, the claims agent for the case, mailed the notice

described above to potential creditors, along with a claim form that included the name and

address of the recipient creditor, the provisions of the notice approved by the bankruptcy court,

and an additional time deadline for receiving claims:

**THE <u>ORIGINAL</u> OF THIS PROOF OF CLAIM MUST BE SENT SO THAT <u>IT IS RECEIVED</u> ON OR BEFORE <u>4:00 P.M.</u>, EASTERN TIME, ON <u>OCTOBER 11, 2001</u>.**

*Id.*, Ex. B.

The United States Trustee asserts that the notice and claim form were sent to two addresses for Avnet in Peabody, Massachusetts and Tempe, Arizona and to two addresses for Avnet's affiliate Hallmark in Kansas City, Missouri and Dallas, Texas. *Id.*, Ex. C. Avnet claims that it only received the notice and claim form at its Hallmark affiliate's Dallas, Texas address, which is not the company's main address. R. 2, Ex. B.

On October 11, 2001 at 4:43 p.m. Eastern Standard Time, Avnet faxed a claim for $756,149.65 to the claims agent. The claim was made on a claim form that the claims agent had sent to Avnet's Peabody, Massachusetts address. Avnet, however, had crossed out this address and listed its Tempe, Arizona address, which was the address from which Avnet faxed the claim. Avnet also attached to its faxed claim a cover letter in which it stated that the original of the claim would be delivered to the claims agent by courier the next morning. *Id*.

On June 10, 2005, the Trustee filed its objection to late claims. The Trustee argued that Avnet's claim was late because it had improperly faxed its claim on the bar date and because it did not send its claim by courier to the claims agent until the day after the bar date. Avnet contended that the bankruptcy court should treat its faxed claim as timely or that the court should treat its couriered claim as timely based on equitable considerations. Relying on *In re Outboard Marine Corp.*, 386 F.3d 824 (7th Cir. 2004), the bankruptcy court concluded that Avnet's claim was untimely.

## Discussion

The district court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *In re Midway Airlines, Inc.*, 383 F.3d 663, 668 (7th Cir. 2004).

Avnet contends that the bankruptcy court erred by declining to treat its claim as timely based on

one of two theories – that its faxed claim was an erroneously delivered claim under Bankruptcy

Rule 5005(c) or was a timely informal claim under the informal claims doctrine. Alternatively,

Avnet argues that the bankruptcy court erred in subordinating its claim under 11 U.S.C. § §

726(a)(3) rather than 11 U.S.C. § 726(a)(2)(C).[2]

Rule 5005(c) allows the bankruptcy court, in the interest of justice, to recognize as timely

a claim that is delivered to the wrong entity before the claim bar date. Avnet contends that the

bankruptcy court should have applied this rule and treated its faxed claim as erroneously

delivered, and then should have ruled that its couriered claim related back to the date on which

its faxed claim was sent. The Trustee argues that Rule 5005(c) does not apply because Avnet did

not erroneously deliver its claim within the meaning of the rule and that alternatively, Avnet did

not demonstrate why it would be in the interest of justice to treat the faxed claim as timely.

The bankruptcy court did not address the Trustee's argument that Avnet's faxed claim

was not erroneously delivered, a requirement for invoking Rule 5005(c). The Court addresses

this issue first; if Avnet's faxed claim does not qualify as an erroneously delivered claim covered

by Rule 5005(c), then we need not consider the other issues relevant to a Rule 5005(c) analysis.

The Seventh Circuit discussed the meaning of "erroneously delivered" in *In re Evanston Motor*

*Co.*, 735 F.2d 1029 (7th Cir. 1984). In that case, the creditor had addressed and delivered its

claim to the wrong entity. The court held that the creditor had not erroneously delivered the

---

[2]  In its opening brief, Avnet made one additional argument:  that the bankruptcy court should
have treated its couriered claim as timely based on the doctrine of excusable neglect recognized
in *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380 (1993).  This doctrine,
however, only applies in Chapter 11, not Chapter 7, bankruptcies. *See id.; In re DeVries Grain
& Fertilizer, Inc.*, 12 F.3d 101, 105 (7th Cir. 1993).

claim, because a creditor must address its claim to the correct entity, but deliver it to the wrong entity, for Rule 5005(c) to apply. *Id.* at 1032.

Avnet's faxed claim does not meet the requirements for erroneous delivery under Rule 5005(c): it was addressed to and delivered to the correct entity – the claims agent – using the wrong method of delivery. This mistake is not the type covered by the plain language of Rule 5005(c). *Cf. id* (mistake made due to error in judgment about where to send claim does not constitute misdelivery under precursor to Rule 5005(c)).

Even if Avnet's faxed claim were covered by Rule 5005(c), the bankruptcy court did not commit clear error in finding that the equities – including the fact that Avnet was sophisticated, had counsel, and knew from the notice that it had to use mail or courier to submit its claim by the bar date – militated against treating Avnet's claim as timely. *See* R. 5 at 6-7 (citing *Outboard Marine Corp.*, 386 F.3d 824).

Avnet also argues that the bankruptcy court should have treated its faxed claim as a timely informal claim and related-back its late couriered claim to the date the faxed claim was sent. The relation back doctrine allows the bankruptcy court to treat a creditor's late formal claim as an amendment to a timely informal claim. *See Wilkens v. Simon Brothers Inc.*, 731 F.2d 462, 464 (7th Cir. 1984) (citing *Hutchinson v. Otis*, 190 U.S. 552, 555 (1903)). Avnet argues that its faxed claim, which was a copy of its original claim and was faxed to the claims agent on the bar date, constituted a timely informal claim. The Trustee contends that Avnet's faxed claim did not meet the substantive requirements for an informal claim and was not timely filed. In addition, the Trustee maintains that Avnet did not provide adequate equitable reasons to justify amending its informal faxed claim.

The bankruptcy court did not address the Trustee's first two arguments. Instead, the court decided that Avnet had not offered equitable reasons that justified allowing it to amend its informal faxed claim. For the purposes of our decision, the Court assumes that Avnet's faxed claim meets the requirements for a timely informal claim. *See In re Harris*, __ B.R. __ , 2006 WL 1109448, at *3 (Bankr. N.D. Ill. 2006).

As discussed above, the bankruptcy court found that the equities militated against allowing Avnet's claim, because Avnet is sophisticated, had counsel, and had notice of the bar date. *See* R. 5 at 6-7 (citing *Outboard Marine Corp.*, 386 F.3d 824). The Court recognizes that this is a close case: there was a discrepancy in the deadline listed on the notice and on the claim form that could have confused Avnet. Were we reviewing the bankruptcy court's decision *de novo*, we might come to a conclusion different from the one the bankruptcy court reached. But given the deferential standard of review we must apply, the Court cannot find that the bankruptcy court committed clear error in declining to exercise its equitable powers. Avnet, which had a significant claim and was represented throughout the bankruptcy proceedings, provided little justification for waiting until the last minute to file its claim.

Finally, Avnet argues that although its claim was untimely, the bankruptcy court should have subordinated its claims under 11 U.S.C. § 726(a)(2)(C) rather than under 11 U.S.C. § 726(a)(3). Under section 726(a)(2)(C), Avnet was in the second tier of creditors, meaning that it was entitled to distribution along with creditors who filed timely claims. Under section 726(a)(3), however, Avnet was in the third tier of creditors, meaning that it was entitled to distribution only if funds remained after the first two classes of creditors were paid.

Section 726(a)(2)(C) places creditors who have filed untimely claims in the second tier of creditors if:

(i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
(ii) proof of such claim is filed in time to permit payment of such claim.

Avnet does not argue that it lacked notice or actual knowledge of this case in time to file a timely claim. Instead, it argues that the notice was not properly addressed and therefore was not reasonably calculated to apprise Avnet of the requirements for filing a timely claim. *See In re Glenwood Med. Group, Ltd.*, 211 B.R. 282, 285-86 (Bankr. N.D. Ill. 1997). Avnet does not dispute, however, that the four addresses used by the claims agent were either its own addresses or those of its affiliates; that it received notices and claim forms at two of those addresses; and that it submitted its claim on a form that had been sent to and received at Avnet's Peabody, Massachusetts address. Thus, Avnet provided no evidence that it lacked notice or actual knowledge of the matchFIRST bankruptcy such that it could not file a timely claim. For this reason, the bankruptcy court did not commit clear error in rejecting Avnet's request to subordinate its claims under section 726(a)(2)(C) rather than section 726(a)(3).

### Conclusion

The Clerk is directed to enter judgment affirming the decision of the bankruptcy court.


MATTHEW F. KENNELLY
Date: May 25, 2006                                   United States District Judge


7